1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
_____
                                        )
PLU INVESTMENTS, LLC,                   )
8                                       )          No. C10-626RSL
                            Plaintiff,  )
9          v.                           )
                                        )          ORDER DENYING
10   INTRASPECT GROUP, INC, *et al.*,   )          PLAINTIFF'S MOTION FOR
                                        )          PARTIAL SUMMARY JUDGMENT
11                          Defendants. )
_____)
12

13          This matter comes before the Court on "Plaintiff's Motion for Partial Summary

14   Judgment."  Dkt. # 32.  Plaintiff claims that defendant Todd Buckner breached a personal

15   guaranty that secures a loan plaintiff made to defendant Intraspect Group.[1]  Plaintiff seeks

16   judgment against defendant Buckner on the principal sum of $104,693.05 plus interest at the rate

17   of 12% per annum until paid in full.  Plaintiff also seeks attorney's fees.

18          Summary judgment is appropriate when, viewing the facts in the light most

19   favorable to the nonmoving party, there is no genuine issue of material fact that would preclude

20   the entry of judgment as a matter of law.  The party seeking summary dismissal of the case

21   "bears the initial responsibility of informing the district court of the basis for its motion"

22   (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the

23

24   _____
         [1]  The Court has granted plaintiff's fourth motion for default judgment against defendant
25   Intraspect Group.  Dkt. # 39.

26
ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

1   pleadings, the discovery and disclosure materials on file, and any affidavits" that show the

2   absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)).  Once the moving party has

3   satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate

4   "specific facts showing that there is a genuine issue for trial."  Celotex Corp., 477 U.S. at 324.

5   "The mere existence of a scintilla of evidence in support of the non-moving party's position is

6   not sufficient," and factual disputes whose resolution would not affect the outcome of the suit

7   are irrelevant to the consideration of a motion for summary judgment.  Arpin v. Santa Clara

8   Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477

9   U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the

10  nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its

11  favor."  Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

12  **A. NOTICE**

13          Defendant Buckner argues that plaintiff did not provide effective notice, which

14  would have permitted Mr. Buckner to timely oppose the motion.  Response at 2 (Dkt. # 44).

15  Before a court may enter summary judgment, all parties must be given notice of the motion and

16  the opportunity to respond.  Grove v. Meade School Dist., 753 F.2d 1528, 1532 (9th Cir. 1985).

17  Pursuant to Local Civil Rule 7(d)(3), "all dispositive motions and motions seeking a preliminary

18  injunction shall be noted for consideration no earlier than the fourth Friday after filing and

19  service of the motion."

20          Natalia Litchev, counsel for defendant Buckner, filed and served a notice of

21  unavailability on July 28, 2010, stating that she would "not be available for any purpose,

22  including but not limited to, receipt of notice of any kind, correspondence, briefing and/or court

23  appearances from August 2, 2010 through August 9, 2010."  Dkt. # 30.  Plaintiff filed and served

24  the motion for partial summary judgment on August 3, 2010.  Dkt. # 32.  Defendant Buckner

25  asks the Court to strike or continue the motion because plaintiff filed and served it without

26

ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT  -2-

1  regard to Ms. Litchev's notice of unavailability.  Response at 2 (Dkt. # 44).

2           A party may not modify the Court's motion calendar by filing a notice of

3  unavailability.  Although courtesy would advise plaintiff to respect Ms. Litchev's notice of

4  unavailability, plaintiff served defendant Buckner's counsel with the motion for summary

5  judgment in accordance with Local Rule 7(d)(3).  The Court will not strike or continue the

6  motion for summary judgment based on ineffective notice.

7  **B. FRAUD**

8           Defendant Buckner argues that the personal guaranty securing the promissory note

9  is fraudulent.  Response at 2-3 (Dkt. # 44).  Pursuant to Fed. R. Civ. P. 9(b), the circumstances

10 of fraud, including the time, place, and specific contents of the alleged misrepresentations, must

11 be set forth with particularity.

12          Mr. Buckner has not established the circumstances of the alleged fraud.  Mr.

13 Buckner first asserted that "[a]t no time has the Plaintiff obtained a personal guaranty from me."

14 Defendant Buckner's Decl. in Response at ¶6 (Dkt. # 44-1).  After learning that a former

15 Intraspect Group employee recalled that Mr. Buckner signed the guaranty and that plaintiff's

16 counsel intended to depose the former employee, Mr. Buckner admitted "[i]t is possible that I

17 signed the Guaranty...."  Defendant Buckner's Decl. in Surreply at ¶11 (Dkt. # 53).  As Mr.

18 Buckner has not definitively asserted that he did not sign the guaranty, he has not offered

19 sufficient evidence from which a reasonable jury could find that the guaranty was fraudulent.

20 Defendant Buckner's assertion of fraud does not preclude summary judgment.

21 **C. USURY**

22          Mr. Buckner claims that the interest rate on the loan underlying the personal

23 guaranty is usurious.  Response at 3 (Dkt. # 44).  Pursuant to RCW 19.52.020(1), "[a]ny rate of

24 interest shall be legal so long as the rate of interest does not exceed the higher of:  (a) Twelve

25

26

ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT  -3-

1   percent per annum; or (b) four percentage points above the equivalent coupon issue yield...."[2]  If

2   a greater rate of interest is "contracted for or received or reserved, the contract shall be usurious,

3   but shall not, therefore, be void."  RCW 19.52.030.  In an action on a usurious contract,

4           the creditor shall only be entitled to the principal, less the amount of interest
            accruing thereon at the rate contracted for; and if interest shall have been paid, the

5           creditor shall only be entitled to the principal less twice the amount of interest
            paid, and less the amount of all accrued and unpaid interest; and the debtor shall be

6           entitled to costs and reasonable attorneys' fees....

7   RCW 19.52.030.  A debtor may not commence a usury action based on a loan that a corporation

8   takes out for business purposes "unless there is also, in connection with such loan or

9   forbearance, the creation of liability on the part of a natural person or that person's property for

10  an amount in excess of the principal plus interest allowed pursuant to RCW 19.52.020."  RCW

11  19.52.030.

12          After adopting this usury penalty, however, the Legislature enacted a seemingly

13  contradictory statute, which provides in relevant part:

14          Profit and nonprofit corporations [...] may not plead the defense of usury nor
            maintain any action thereon or therefor, and persons may not plead the defense of

15          usury nor maintain any action thereon or therefor if the transaction was primarily
            for agricultural, commercial, investment, or business purposes: PROVIDED,

16          HOWEVER, That this section shall not apply to a consumer transaction of any
            amount.

17
            Consumer transactions, as used in this section, shall mean transactions

18          primarily for personal, family, or household purposes.

19  RCW 19.52.080.  As RCW 19.52.080 expressly prohibits a person who has borrowed money

20  primarily for business purposes from asserting the defense of usury, the Washington Supreme

21  Court found it would be untenable and contrary to legislative intent to allow a corporation whose

22  business loan is guaranteed by a natural person to bring a usury action under RCW 19.52.030.

23  Paulman v. Filtercorp, 127 Wn.2d 387, 392 (1995).  The issue of whether usury law applies

24  ────────────────

25      [2]  RCW 19.52.025 requires the State Treasurer to determine the highest interest rate permissible
    under RCW 19.52.020(1), which was 12% per annum in November 2009, when the promissory note and

26  guaranty were signed.  Wash. St. Reg. 09-21 (inside front cover).

    ORDER DENYING PLAINTIFF'S
    MOTION FOR PARTIAL SUMMARY JUDGMENT  -4-

therefore depends on the purpose of the loan, not the identity of the debtor or guarantor.  If a loan is usurious on its face, the burden is on the lender to show that the business purposes exception applies.  Jansen v. Nu-West, Inc., 102 Wn. App. 432, 439 (2000).  The "loan's 'purpose' in the context of RCW 19.52.080 is principally established by the representations the borrower makes to the lender at the time the loan is procured."  Brown v. Giger, 111 Wn.2d 76 (1988).

The parties agreed upon the rate of 40.56% interest per annum, which is usurious on its face under RCW 19.52.020.  Although the facts surrounding the loan suggest that Intraspect Group borrowed the money for business purposes, the parties both assume that usury law applies to the original interest rate.  Motion at 2, note 1 ("Although the Promissory Note provides for interest at a higher rate, PLU limits its request to 12% per annum pursuant to RCW 19.52.020.");  Response at 3-4.  The fact that defendant Buckner signed the promissory note in his corporate capacity as Intraspect Group's president, rather than personally, does not conclusively establish that the loan was primarily for business purposes.  See, e.g., Pacesetter Real Estate v. Fasules, 53 Wn. App. 463 (1989).  In Pacesetter, a husband and wife signed two promissory notes in their corporate capacity as officers of Pacesetter Real Estate to fund a combined residence and office.  Id. at 464-54.  At the request of the second lender, the couple then signed the second note individually to insure their personal liability.  Id. at 465.  Finding that the business purposes exception to the usury law applied, the court cited the following language found in the first promissory note:  "THIS IS ACKNOWLEDGED TO BE A COMMERCIAL LOAN."  Id. at 472.  The court also noted that the only collateral given for the first loan was Pacesetter's real property, and that a corporation has a legitimate business purpose in building its officers a combined home and office.  Id. at 473.  Here, plaintiff asserts that defendant Buckner executed the loan documents "to induce PLU to provide financing to Intraspect Companies and to exercise forbearance in the enforcement of its rights and legal

1  remedies thereunder[,]" (Complaint at ¶3.3 (Dkt. # 1)) but the purpose behind the loan remains

2  unclear.  Plaintiff has not met its burden of showing that the business purposes exception

3  precludes defendant Buckner from asserting usury.

4           Plaintiff claims that defendant Buckner is estopped from asserting a usury defense

5  because Intraspect Group and Mr. Buckner proposed and drafted all of the loan documents.

6  Reply at 5 (Dkt. # 46).[3]  Although the Washington Supreme Court has found that a borrower

7  could be estopped from asserting a usury defense in an action to collect on a loan for which he

8  had proposed the terms, the court based its decision largely on the fiduciary relationship that

9  existed between the borrower and lender.  <u>Liebergesell v. Evans</u>, 93 Wn.2d 881 (1980).

10  Plaintiff's statement that it is unfamiliar with Washington law is insufficient to establish a right

11  to rely on Mr. Buckner's advice.  If any fiduciary relationship existed between plaintiff and Mr.

12  Buckner, it is not apparent from the facts before the Court.  Moreover, if defendant Buckner is

13  entitled to the protections of the usury law, reducing the interest rate to 12% per annum would

14  not remedy the statutory violation.  Usury law expressly penalizes a lender for *contracting* at a

15  usurious interest rate, such that the statutory penalties would apply.  RCW 19.52.030.

16

17

18

19

20

21

22

23

24

25         [3]  Defendant Buckner maintains that neither he nor any employee of Intraspect Group drafted the

26  guaranty.  Defendant Buckner's Decl. in Surreply at ¶3 (Dkt. # 53)

ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT  -6-

1    For all of the foregoing reasons, plaintiff's motion for partial summary judgment is

2  DENIED as to defendant Buckner.  This denial is without prejudice to the parties' ability to raise

3  the usury issue in a second, adequately-supported motion.

6    Dated this 14th day of October, 2010.

*Robt S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT  -7-