1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

PLU INVESTMENTS, LLC,

        Plaintiff,

    v.

INTRASPECT GROUP, INC., *et al.*,

        Defendants.

Case No.  C10-0626RSL

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT
AGAINST TODD BUCKNER

14

15

16

17

18

19

      This matter comes before the Court on plaintiff's motion for entry of partial
summary judgment against defendant Todd Buckner.  Plaintiff claims that Buckner
breached a personal guaranty that secures a loan that plaintiff made to defendant
Intraspect Group.[1]  Plaintiff seeks judgment against Buckner on the principal sum of
$104,693.05 plus interest at the contract rate of 40.56% per annum, and attorney's fees.

20

21

22

      By order dated October 14, 2010, the Court denied plaintiff's first motion for
partial summary judgment against Buckner (Dkt. #59, the "order").  In the order, the
Court rejected Buckner's contentions that the guaranty was procured by fraud and that he

23

24

25

---

[1] The Court previously granted plaintiff's motion for default judgment against
Intraspect Group.

26

ORDER GRANTING MOTION FOR PARTIAL
SUMMARY JUDGMENT AGAINST TODD BUCKNER - 1

1    did not sign the guaranty.  Order at p. 3.  The Court found that the only issue precluding

2    summary judgment was Buckner's defense that the interest rate in the underlying loan

3    was usurious.  The Court explained that it was not usurious if the loan was obtained for a

4    commercial purpose, but plaintiff failed to meet its burden of showing that the business

5    purpose exception precludes Buckner from asserting a usury defense.  For that reason, the

6    Court denied the motion without prejudice to the parties' ability to raise the issue in a

7    second, adequately-supported motion.

8         Plaintiff has now filed a second motion for summary judgment and established that

9    the loan was made for a business purpose and was not part of a consumer transaction.

10   RCW 19.52.080 (stating that corporations and persons may not plead the defense of usury

11   "if the transaction was primarily for . . . business purposes"); Declaration of Fred

12   Auzenne, (Dkt. #65) ("Auzenne Decl.") at ¶ 4 (explaining that Buckner contacted him

13   and requested that plaintiff provide financing to Intraspect Group "to provide working

14   capital to Intraspect Group and its subsidiaries for use in their respective businesses."); id.

15   at ¶ 5 (explaining that he believed, based on Buckner's representations, that the loan was

16   for business purposes).  Despite the fact that the Court's order made clear that the

17   existence of a business purpose was a key issue, Buckner's response to this motion did

18   not address the issue or present any contrary evidence.  Accordingly, plaintiff has

19   established that the loan was for business purposes, so Buckner's usury defense fails as a

20   matter of law.

21        Rather than responding to the usury issue, Buckner's response focuses on whether

22   a contract existed.  To the extent that Buckner is attempting to relitigate the issue of

23   whether he signed the guaranty and whether it was fraudulently obtained, the order

24   already resolved those issues.  Buckner also argues, for the first time, that the guaranty

25

26   ORDER GRANTING MOTION FOR PARTIAL
     SUMMARY JUDGMENT AGAINST TODD BUCKNER - 2

1    was unsupported by consideration.  However, at the time the guaranty was executed,

2    Intraspect had already defaulted on the loan and requested that a potion of the past due

3    balance be converted into a promissory note guaranteed by Buckner.  Auzenne Decl. at ¶¶

4    8-11.  Therefore, PLU offered consideration: the agreement to new financing terms.

5         Buckner also contends that Larry Parsons, the Intraspect employee who gave him

6    the guaranty to sign, "acted as PLU's agent and for PLU's or his own benefit by

7    presenting the guaranty to [Buckner] without identifying the same or disclosing [its]

8    contents, and knowingly or negligently representing the Guaranty to be part of the stack

9    of accounting documents."  Response at p. 4.  Buckner's declaration does not state that

10   Parsons was PLU's agent, nor is there any evidence in the record to support that assertion.

11   Moreover, Buckner was responsible for reading the document he signed, which was titled

12   "Guaranty" and repeatedly referenced a guaranty.  See, e.g., Cox v. Ocean View Hotel

13   Corp., 533 F.3d 1114, 1122 (9th Cir. 2008).  In light of the clear wording of the

14   document, Buckner's protestations of ignorance are untenable.

15        Accordingly, the motion for partial summary judgment against Todd Buckner

16   (Dkt. #64) is GRANTED.  Buckner is liable to plaintiff in the amount of $147,156.55,

17   which includes the principal sum of $104,693.05 plus accrued interest of $42,463.50

18   through November 1, 2010 at the rate of 40.56% per annum.  Buckner is also liable for

19   interest on the unpaid balance of the principal sum at the rate of 40.56% per annum until

20   paid.  Finally, because the guaranty provides for the recovery of attorney's fees, costs and

21   expenses, Buckner must pay plaintiff's reasonable attorney's fees and costs incurred in

22   bringing this action.  Plaintiff may file a statement of its costs and fees within thirty days

23

24

25

26   ORDER GRANTING MOTION FOR PARTIAL
     SUMMARY JUDGMENT AGAINST TODD BUCKNER - 3

1   of the date of this order.

2

3          DATED this 22nd day of December, 2010.

4

5

6                                              Robert S. Lasnik
                                               United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER GRANTING MOTION FOR PARTIAL
     SUMMARY JUDGMENT AGAINST TODD BUCKNER - 4