UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLU INVESTMENTS, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>INTRASPECT GROUP, INC., *et al.*,<br><br>   Defendants. | Case No. C10-0626RSL<br><br>ORDER GRANTING MARINA BUCKNER'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on a motion for summary judgment filed by defendant Marina Buckner, who has changed her name to Marina Andrushchak. She contends that she is entitled to summary judgment on all of plaintiff's claims against her because those claims are based on contracts that her former husband, defendant Todd Buckner, entered into after the couple separated.[1]

Plaintiff has failed to respond to the motion, which the Court construes under Local Rule 7 as a concession that the motion has merit. The assumption that plaintiff is conceding merit is further supported by the fact that after Ms. Buckner filed this motion,

---

[1] Because the matter can be decided based on the record, the motion, and its attachments, and because the motion is unopposed, Ms. Buckner's request for oral argument is denied.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

1  plaintiff filed a motion for a continuance to conduct discovery, which the Court granted.
2  Apparently, discovery did not undermine Ms. Buckner's assertions in this motion.

3       "A debt incurred by either spouse during marriage is presumed to be a community
4  debt." Oil Heat Co. v. D.D. Sweeney, 26 Wn. App. 351, 353 (1980).  The presumption
5  can be overcome with "clear and convincing evidence" that the parties were living
6  "separate and apart" at the time the debt was incurred. Id. at 353-54.  "The test is whether
7  the parties by their conduct have exhibited a decision to renounce the community, with no
8  intention of ever resuming the marital relationship." Id. at 354.

9       In this case, plaintiff alleges that Todd Buckner entered into two contracts, the
10 source of the alleged debt, in August 2009.  In September 2007, Ms. Buckner opened her
11 own bank account, and the two filed separate tax returns for 2007.  Mr. Buckner became
12 involved in another romantic relationship.  In September 2008, Ms. Buckner moved out
13 of the couple's shared home, began to pursue other romantic options, and began the
14 process of researching and drafting documents to dissolve the marriage.  She signed a
15 lease for her own apartment in October 2008.  In April 2009, Ms. Buckner executed a
16 professional services agreement with Legal Options, LLC for the dissolution of her
17 marriage.  The Findings of Fact and Conclusions of Law (Marriage) from the Superior
18 Court of Lincoln County states that the Buckners were separated on September 2, 2007,
19 which was consistent with the Buckners' representation in their petition.  Declaration of
20 Marina Buckner, (Dkt. #42-2), Ex. J.  The Buckners have filed declarations stating that as
21 of September 2008, they never intended to resume their marital relationship.
22 Furthermore, Ms. Buckner states that after the Buckners separated, she had no knowledge
23 of Mr. Buckner's business affairs and did not grant him authority to conduct business on
24 her behalf or on behalf of their marital community.  In light of those statements and the

25

26 ORDER GRANTING MOTION
   FOR SUMMARY JUDGMENT - 2

1  supporting documents, Marina Buckner has presented clear and convincing evidence that
2  as of September 2008, the Buckners were living separate and apart and that their conduct
3  exhibited a decision to renounce their marital community, with no intention of ever
4  resuming the marital relationship.  Ms. Buckner is not liable for the conduct complained
5  of in plaintiff's complaint, including any liability flowing from the contracts Mr. Buckner
6  executed in August 2009.

7  Accordingly, Marina Buckner's motion for summary judgment (Dkt. #42) is
8  GRANTED.  Because this motion resolves plaintiff's claims against the only remaining
9  defendant, the Clerk of the Court is directed to enter judgment in plaintiff's favor against
10 defendant Todd Buckner and against plaintiff in Marina Buckner's favor.[2]

DATED this 26th day of January, 2011.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] The Court previously entered default judgment against the corporate defendants (Dkt. #43) and granted plaintiff's motion for summary judgment against defendant Todd Buckner (Dkt. #73).

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 3