UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PLU INVESTMENTS, LLC, and Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>INTRASPECT GROUP, INC., a Nevada Corporation; National Housing Solutions, LLC, a Nevada limited liability company; TODD BUCKNER and JANE DOE BUCKNER, husband and wife,<br><br>Defendants | No.  2:10-CV-00626-RSL<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MARINA ANDRUSHCHAK'S MOTION FOR RELIEF FROM DEADLINE AND ATTORNEY'S FEES<br><br>Note on Motion Calendar: March 4, 2011 |

I.   STATEMENT OF FACTS

Defendant MARINA ANDRUSHCHAK ("MARINA") was sued by Plaintiff PLU INVESTMENTS, LLC under the Guaranty signed by her former husband Defendant TODD BUCKNER ("TODD"). Plaintiff's Complaint. Counsel for PLU was advised via MARINA's Motion to Set Aside Default, her subsequent Answer to

MEMO OF P&A IN SUPPORT OF MARINA ANDRUSHCHAK'S MOTION FOR RELIEF FROM DEADLINE AND ATTORNEY'S FEES - 1
2:10-CV-00626-RSL

Complaint and telephone conversations with counsel for PLU that no marital community has existed at all relevant time, and was requested by counsel for MARINA that MARINA be released from the action. Litchev Decl.¶3 MARINA's Motion to Set Aside Default filed as early as on or about June 29, 2010, contained an attached copy of the Court Judgment finding that the parties were separated on September 2, 2007 and the separation contract was executed on December 15, 2009. Litchev Decl.¶3. Subsequent affidavits by MARINA and TODD were filed confirming that no marital community existed. Litchev Decl. ¶3.

Despite of the above, Counsel for PLU refused to release MARINA from the lawsuit, moreover, refused to stipulate to setting aside her default caused by lack of service of process and failed to do timely discovery, causing delays in adjudication of the Motion for Summary Judgment filed by MARINA. Litchev Decl. ¶4. In the end, on January 14, 2011, Counsel for PLU deposed MARINA for less than one and a half hours and did not contest her Motion for Summary Judgment. Litchev Decl. ¶5

On January 26, 2011, the Court entered the judgment for MARINA and against PLU. Court Record. On January 26, 2011, Counsel for MARINA e-mailed counsel for PLU requesting payment of the attorney's fees. Litchev Decl. ¶6. On January 27, 2011, counsel for PLU requested information regarding attorney's fees attributable to MARINA. Litchev Decl. ¶7. On February 1, 2011, Counsel for MARINA e-mailed the spreadsheet to counsel for PLU. Litchev Decl. ¶8. On February 2, 2010, counsel for PLU responded that he would contact PLU regarding the same, but never responded. Litchev Decl. ¶9 On February 14, 2010, Counsel for MARINA followed up with counsel for PLU but has not heard back. Litchev Decl. ¶10.

II. LEGAL ARGUMENT

    A. MARINA MOVES THE COURT FOR RELIEF FROM DEADLINE TO FILE THE MOTION FOR ATTORNEY'S FEES UNDER FRCP 60

MEMO OF P&A IN SUPPORT OF MARINA ANDRUSHCHAK'S MOTION FOR RELIEF FROM DEADLINE AND ATTORNEY'S FEES - 2
2:10-CV-00626-RSL

Fed. Rule of Civ. Proc 54 (d)2(B) states that the motion for attorney's fees must be filed 14 days after the entry of judgment "unless a statute or a court order provides otherwise." MARINA respectfully requests that she be relieved from the deadline due to the above reasons and the court hears her motion for attorney's fees.

Fed Rule of Civ Proc. 60 states that on a

"motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

Here, counsel for plaintiff and MARINA were engaged in negotiations and settlement of the attorney's fees issue. Although counsel for Plaintiff was careful not to make any promises in writing, his conduct led counsel for MARINA to believe that the issue would be resolved absent the necessity to bring a motion for fees. Declaration of Litchev.

However, counsel for MARINA was mistaken in that counsel for PLU apparently had no intent to negotiate the settlement of the fee issue, as he failed to get back to counsel for MARINA with any answer. Neither affirmative nor negative answer was returned to counsel for MARINA. MARINA should not be penalized for her counsel's above mistake.

Furthermore, other facts of this litigation warrant relief. The factual contentions of PLU against MARINA did not have any evidentiary support. However, PLU refused to stipulate to set aside MARINA's default and objected to MARINA's

MEMO OF P&A IN SUPPORT OF MARINA ANDRUSHCHAK'S MOTION FOR RELIEF FROM DEADLINE AND ATTORNEY'S FEES - 3
2:10-CV-00626-RSL

Motion for Summary Judgment, even after being apprised of the facts related to the lack of marital community and of MARINA's liability and failed to dismiss her from the action, causing the fees to escalate and amount to $5,180.

MARINA brings this motion within 30 days from the entry of judgment, promptly upon realizing that Plaintiff is not interested in settling this matter. There is no prejudice to the opposing party because Plaintiff was on notice that the attorney's fees were sought by MARINA.

Based on the above, MARINA respectfully requests that she be relieved from the deadline due to the above reasons and the court hear her motion for attorney's fees.

### B. MARINA IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AS PREVAILING PARTY UNDER THE MUTUALITY OF REMEDIES ADOPTED IN WASHINGTON

In a diversity cases, availability of attorney's fees award is determined by state law. Kern Oil E Refining Co v. Tenneco Oil Co., 792 F2d 1380, 1388 (1986).

In Washington, availability of attorney's fees is governed by RCW 4.84.330, which states:

> "In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements." RCW 4.84.330.

Plaintiff PLU recovered attorney's fees from Defendant TODD BUCKNER under the Guaranty providing for recovery of reasonable attorney's fees by the prevailing party. Because PLU was entitled to an award of fees, MARINA is also

MEMO OF P&A IN SUPPORT OF MARINA ANDRUSHCHAK'S MOTION FOR RELIEF FROM DEADLINE AND ATTORNEY'S FEES - 4
2:10-CV-00626-RSL

entitled to such award as prevailing party against PLU, regardless of the fact that she was not specified in the Guaranty.

### III.   CONCLUSION

Based on the foregoing, MARINA ANDRUSHCHAK respectfully requests that she be relieved from the deadline under Rule 60 (1), (3), (6) and awarded attorney's fees in this matter as prevailing party against Plaintiff under RCW 4.84.330.

Dated:  February 23, 2011

By:_____s/Natalia Litchev_____
Natalia Litchev
5400 Carillon Point
Building 5000, 4th Floor
Kirkland, WA 98033
Tel. 425-999-9061

<u>Certificate of Service through Electronic Case Filing</u>

<u>I</u>, Natalia Litchev of Litchev Law Firm, certify that on February 23, 2011 I filed and served on Plaintiff the following documents via ECF System:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MARINA ANDRUSHCHAK'S MOTION FOR RELIEF FROM DEADLINE AND ATTORNEY'S FEES

By:_____s/Natalia Litchev_____
Natalia Litchev,
5400 Carillon Point
Building 5000, 4th Floor
Kirkland, WA 98033
Tel. 425-999-9061
Natalia@eastsideattorney.com