UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLU INVESTMENTS, LLC,

    Plaintiff,

    v.

INTRASPECT GROUP, INC., *et al.*,

    Defendants.

Case No. C10-626RSL

ORDER GRANTING DEFENDANT MARINA ANDRUSHCHAK'S MOTION FOR EXTENSION OF TIME AND AN AWARD OF ATTORNEY'S FEES

## I. INTRODUCTION

This matter comes before the Court on a motion filed by defendant Marina Andrushchak for extension of time and an award of attorney's fees. The defendant filed her motion after she missed the 14-day deadline imposed by Fed. R. Civ. P. 54(d)(2)(B)(i) to move for attorney's fees. For the reasons given below, the Court grants defendant's motion for extension of time and an award of attorney's fees.

## II. DEFENDANT'S MOTION FOR EXTENSION OF TIME

On January 26, 2011, the Court entered summary judgment for the defendant. Dkt. # 80.

ORDER GRANTING DEFENDANT'S MOTION FOR
EXTENSION OF TIME AND ATTORNEY'S FEES - 1

1  Under Fed. R. Civ. P. 54(d)(2)(B)(i), defendant had 14 days from that date to file a motion for
2  attorney's fees.  However, defendant did not file her motion until February 23, 2011, so her
3  motion missed the February 9, 2011 deadline by two weeks.

4  In seeking an extension, defendant erroneously relies on Fed. R. Civ. P. 60(b).  See
5  Motion at p. 1.  That rule, which governs relief from a final judgment, order, or proceeding,
6  cannot serve as the basis for an extension to file the present motion.

7  As grounds for relief, defendant should have cited Fed. R. Civ. P. 6(b).  Under Rule 6(b),
8  the Court may, for "good cause," extend a deadline imposed by one of the Federal Rules of Civil
9  Procedure.[1]  The decision to extend a deadline is committed to the discretion of the Court.  See
10 In re Veritas Software Corp. Sec. Litig., 496 F.3d 962, 974 (9th Cir. 2007).  A motion for
11 extension of time filed *before* a deadline has passed should "normally . . . be granted in the
12 absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."
13 Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010).  On the other hand, if
14 such a motion is filed *after* the deadline has passed, the good cause standard becomes more
15 stringent.  In these cases, the Court should grant the motion only when the moving party missed
16 the deadline due to "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).

17 To determine whether defendant's failure to meet her deadline constitutes excusable
18 neglect, this Court must begin with the four-factor test outlined in Pioneer Inv. Servs. Co. v.
19 Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).  See Comm. for Idaho's High Desert, Inc.
20 v. Yost, 92 F.3d 814, 825 n.4 (9th Cir. 1996).[2]  The Pioneer test directs the Court to examine, at

---

[1] Certain exceptions apply, none of which is applicable here.  See Fed. R. Civ. P. 6(b)(2).

[2] Although the discussion in Pioneer arose in the context of a motion filed under Fed. R. Bankr. Proc. 9006(b)(1), the Ninth Circuit has held that Pioneer's analysis is equally applicable to motions filed under Fed. R. Civ. P. 6(b).  Yost, 92 F.3d 814, 825 n.4.  In Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997), the Ninth Circuit confirmed that the Pioneer test also applied to Rule 60(b)(1) motions.  In practice, the excusable neglect standard is the same under Rules 6(b) and 60(b).  See Brady ex rel. Estate of Brady v. Hanger Orthopedic Group, Inc., No. 08-16370, 348 Fed. Appx. 325, 326, 2009

ORDER GRANTING DEFENDANT'S MOTION FOR
EXTENSION OF TIME AND ATTORNEY'S FEES - 2

a minimum, "[1] the danger of prejudice to the [non-moving party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Yost, 92 F.3d at 825 (quoting Pioneer, 507 U.S. at 395). The test "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395; see also Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004) ("[W]e leave the weighing of Pioneer's equitable factors to the discretion of the district court in every case.").

Although the Pioneer test does not supply an exclusive list of factors for consideration, Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997), a district court abuses its discretion if it does not consider each of the four Pioneer factors separately. See Ahanchian, 624 F.3d at 1261; Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1224 (9th Cir. 2000).

Applying the Pioneer test, the Court first finds that an extension will result in minimal prejudice to the plaintiff. "Prejudice requires greater harm than simply that relief would delay resolution of the case." Lemoge v. United States, 587 F.3d 1188, 1196 (9th Cir. 2009). Plaintiff's counsel was well aware that defendant sought attorney's fees. See Litchev Decl., Ex. A, C (Dkt. # 83-2) (e-mails from plaintiff's counsel suggesting his willingness to negotiate attorney's fees). Because plaintiff was on notice regarding defendant's desire to settle the fee issue, neither plaintiff nor its counsel can claim surprise. See Lackey v. Atl. Richfield Co., 990 F.2d 202, 206 (5th Cir.1993) (extension of time to file amended notice of appeal not prejudicial because non-moving party was "already on notice" that moving party wished to appeal); cf. Odegaard v. VCA Crown Hill Animal Hosp., No. C09-0740JLR, 2010 WL 1875807, at *2 (W.D. Wash., May 10, 2010) (non-moving party "would likely suffer some prejudice . . . because it would have to recommence litigating this case at additional expense and after a delay

---

WL 3287721, at *1 (9th Cir., Oct. 14, 2009) (dictum).

ORDER GRANTING DEFENDANT'S MOTION FOR
EXTENSION OF TIME AND ATTORNEY'S FEES - 3

of several months").

The length of delay, and its potential impact on the judicial proceedings, is also minimal. In In re Veritas, a panel of the Ninth Circuit suggested that a delay of 15 days was "not great." 496 F.3d at 973. In Bateman, even a delay of one month was "still not long enough to justify denying relief." 231 F.3d at 1225 (no evidence that late filing would have delayed trial date). Here, there is no evidence that defendant's 14-day delay will have a substantial impact on the judicial proceedings. The court has entered final judgment with respect to all parties, and only the fee issue remains. Therefore, without suggesting that any particular amount of time automatically qualifies as "excusable," see Briones, 116 F.3d at 382 (per se rules disallowed under the Pioneer test), the Court finds that defendant's two-week delay was not significant.

Turning to the reason for delay, the Court must evaluate defendant's claim that she missed her deadline only because her attorney miscalculated plaintiff's willingness to settle the fee issue. Although she admits that plaintiff's counsel never promised her anything, defendant's counsel claims she was "mistakenly led to believe" that plaintiff's counsel would respond to her request for fees before the filing deadline. Litchev Decl. at ¶ 11.

It is easy to criticize defendant's counsel for failing to move for attorney's fees in the absence of a definite response from the opposing party. However, while relevant, the fact that counsel made an error of judgment is not dispositive. In the Ninth Circuit, the term excusable neglect unquestionably "covers cases of negligence, carelessness and inadvertent mistake." Bateman, 231 F.3d at 1224. The key issue is not the existence but the degree of counsel's negligence, carelessness, and inadvertence.[3]

---

[3] Plaintiff opposes defendant's motion on the ground that defendant failed to demonstrate that filing a timely fee motion would have been "impossible or impracticable." Opposition at pp. 3-4 (Dkt. # 85) (quoting Bender v. Freed, 436 F.3d 747, 750 (7th Cir. 2006)). This contention misses the mark for two reasons. First, the contention looks only to the third Pioneer factor (*i.e.*, the reason for delay). Under Ahanchian, 624 F.3d at 1261, "a district court abuses its discretion by failing to engage in the [full] four-factor [Pioneer] test." Second, an impossibility or impracticability standard has no place

ORDER GRANTING DEFENDANT'S MOTION FOR
EXTENSION OF TIME AND ATTORNEY'S FEES - 4

To illustrate, in <u>Bateman</u>, an attorney arguably acted negligently but still petitioned for an extension successfully. 231 F.3d at 1225. The attorney left the country without filing a response to the opposing party's summary judgment motion. <u>Id.</u> at 1223. Eight days after the deadline passed, the attorney returned to the United States. <u>Id.</u> Sixteen more days passed before the attorney finally contacted the court asking for relief from the judgment entered during his absence. <u>Id.</u> Despite the attorney's obvious "lack of regard for his client's interest and the court's docket," a panel of the Ninth Circuit concluded that the attorney's errors "resulted from negligence and carelessness, not from deviousness or willfulness." <u>Id.</u> at 1225. The court then ordered the district court to grant an extension on remand. <u>Id.</u>

As in <u>Bateman</u>, the error of judgment committed by defendant's counsel resulted from negligence and carelessness, rather than from "deviousness or willfulness." Like the attorney in <u>Bateman</u>, counsel here also showed "lack of regard for [her] client's interests and the court's docket." 231 F.3d at 1225. However, unlike in <u>Bateman</u>, where the attorney blamed the delay on "jet lag and the time it took to sort through the mail," <u>id.</u> at 1223, counsel's disregard can be attributed to her mistaken belief about the status of her fee negotiation. Thus, counsel's reason for delay is significantly stronger than the attorney's reason in <u>Bateman</u>. <u>Id</u>. at 1225.

Moving to the final <u>Pioneer</u> factor, the Court finds that the error of judgment committed by defendant's counsel was made in good faith. After all, counsel's error only hurt her own client. Furthermore, defendant's counsel insists that she brought the present motion as soon as she realized plaintiff's counsel did not intend to negotiate further. Litchev Decl. at ¶ 12. Although defendant's counsel might have filed earlier, she did not "purposely ignore" her deadline. <u>Stock v. Wisman</u>, No. C05-1214MJP, 2005 WL 2206901, at *2 (W.D. Wash., Sept. 12, 2005) (neglect not excusable where pro se litigant, who was formerly a practicing lawyer, missed deadline while finishing house repairs).

---

under the equitable <u>Pioneer</u> test, which disallows per se rules. <u>Briones</u>, 116 F.3d at 382.

ORDER GRANTING DEFENDANT'S MOTION FOR
EXTENSION OF TIME AND ATTORNEY'S FEES - 5

In the end, the Court must decide defendant's motion for extension by balancing the four Pioneer factors. Defendant missed the filing deadline due to her counsel's own neglect. However, counsel's neglect was mitigated by the lack of prejudice to the plaintiff, the insignificance of the delay, and the fact that counsel committed her error in good faith. After weighing the equities, the Court grants defendant's motion for extension of time.

### III. DEFENDANT'S MOTION FOR ATTORNEY'S FEES

Having granted defendant's motion for an extension of time, the Court now considers defendant's motion for attorney's fees. In a diversity case, "the law of the state in which the district court sits determines whether a party is entitled to attorney fees." Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007).

Under Washington law, a court may award "reasonable" attorney's fees to the prevailing party in a contract dispute. See RCW 4.84.330. According to the statute:

> In any action on a contract . . . , where such contract . . . specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract . . . , shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

Id. For the purposes of this provision, "an action is on a contract if the action arose out of the contract and if the contract is central to the dispute." Seattle First Nat'l Bank v. Wash. Ins. Guar. Ass'n, 116 Wn.2d 398, 413 (1991). A "prevailing party" is simply a "party in whose favor final judgment is rendered." RCW 4.84.330. "The language of the statute is mandatory with no discretion except as to the amount." Kofmehl v. Steelman, 80 Wn. App. 279, 286 (1996).

Here, there is no question that the underlying action is "on a contract." Although defendant was not named in the guaranty underlying this action, see Complaint, Ex. B (Dkt. # 1), the statute allows her to recover fees solely due to her status as a prevailing party. RCW 4.84.330; see also Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 489 (2009) ("By its

ORDER GRANTING DEFENDANT'S MOTION FOR
EXTENSION OF TIME AND ATTORNEY'S FEES - 6

plain language, the purpose of RCW 4.84.330 is to make unilateral contract provisions bilateral."). There is also no question that defendant is a "prevailing party" within the meaning of the statute. See Order (Dkt. # 80) (granting defendant's motion for summary judgment).[4]

The only remaining question is whether the $5,180.00 in fees requested by defendant is a reasonable amount. The underlying contract does not specify a method for calculation of fees. "In the absence of a predetermined method set forth in the contract itself, the proper method for the calculation of a reasonable fee award is the lodestar method." Crest Inc. v. Costco Wholesale Corp., 128 Wn. App. 760, 773 (2005); see also Karl B. Tegland, 14A Washington Practice: Civil Procedure § 37:15 (2010 ed.) ("In the absence of a specialized statute, Washington follows the lodestar method of calculating fees"). Under the lodestar method, the fee is determined by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended on the lawsuit. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 594 (1983). The fee may be adjusted, if warranted. Id.

Defendant's counsel calculated her fees by multiplying her hourly rate of $200.00 by the amount of time she spent on her client's case, or 25.9 hours.[5] Litchev Decl. at ¶ 13; see also id., Ex. D (billing records). Counsel's hourly rate is reasonable in this geographic area. Furthermore, counsel's billing records demonstrate that the tasks she performed were reasonable in light of the relief sought. The total amount is also reasonable given the level of success achieved. Finally, it is worth noting that plaintiff does not contest counsel's calculation other than to suggest that defendant is not entitled to any attorney's fees whatsoever (or "nominal" fees, at best). Opposition at pp. 4-5. Finding the request reasonable, the court awards defendant

---

[4] Plaintiff claims that it "released" defendant from its lawsuit "immediately upon confirming she had no liability." Opposition at p. 4. In fact, defendant's participation in this lawsuit ended only after she was forced to move for summary judgment, which this Court granted. Dkt. # 80.

[5] Importantly, this calculation excludes the time counsel spent drafting the portion of this motion related to her request for an extension. See Litchev Decl., Ex. D. Given that counsel created her own need for an extension, any request for such fees would have been denied.

ORDER GRANTING DEFENDANT'S MOTION FOR
EXTENSION OF TIME AND ATTORNEY'S FEES - 7

1 | fees in the amount of $5,180.00.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion (Dkt. # 83) for an extension of time and for attorney's fees in the amount of $5,180.00.

DATED this 12th day of April, 2011.

_____
Robert S. Lasnik
United States District Judge